IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN PATRICK O'CONNOR**,            Civil Case No. 3: 11-CV-00022-KI

      Plaintiff,

                                                         OPINION AND ORDER

vs.

**STEVEN SHELLY, DON HOLLIS,** and
**CLACKAMAS COUNTY**,

      Defendants.

      Robert M. Snee
      5956 SE 111th Avenue
      P. O. Box 16866
      Portland, Oregon  97292

           Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Stephen L. Madkour
Alexander Gordon
Assistant County Counsel
2051 Kaen Road
Oregon City, Oregon 97045-1819

Attorneys for Defendants

KING, Judge:

In this civil rights action, plaintiff John Patrick O'Connor alleges both constitutional and state tort claims against Clackamas County and two deputy sheriffs for their roles in his arrest in June 2010. O'Connor, a tow truck driver, got into a dispute with a deputy sheriff over whether O'Connor could offer a free tow to a driver involved in an accident near O'Connor's house. The driver was a friend of O'Connor's neighbor. Before the court are cross motions for summary judgment concerning the state tort claims. I grant O'Connor's motion and hold that his tort claim notice was timely.

## FACTS

O'Connor was arrested on June 13, 2010 for interfering with a police officer. His claims all flow from this arrest. On Thursday, December 9, 2010, plaintiff's counsel used certified mail to send a tort claim notice to the Office of County Counsel for Clackamas County. Plaintiff's counsel also included a draft complaint and a demand to preserve electronically-stored information.

Plaintiff's counsel attempted to call County Counsel's office on Friday, December 10, 2010 to verify it received the certified letter. Plaintiff's counsel left a voice mail message but County Counsel's office did not call back. Plaintiff's counsel drove to County Counsel's office

to personally serve the tort claim notice and other documents. The Public Services Building where County Counsel's office is located had the following sign on the door:

Clackamas County
Public Services Building

Regular Business Hours
Monday to Thursday
7:00 am to 6:00 pm

County Clerk & Recording
Monday to Thursday – 8:00 am to 5:00 pm
No Recording after 4:00 pm
Friday – 10:00 am to 3:00 pm

Recording, Marriage License and
Domestic Partnership not available
after 2:30 pm on Friday

Snee Decl. Ex. 1 (original uses three different font sizes).

The building was closed when plaintiff's counsel arrived at about 4:15 p.m. Plaintiff's counsel located an after-hours drop box for the building near the main entrance and deposited a duplicate original of the tort claim notice and other papers in the box at 4:20 p.m. Plaintiff's counsel also faxed the tort claim notice and other papers to County Counsel at 11:37 p.m. that evening.

County Counsel received the mailed tort claim notice on December 13, 2010, as evidenced by the recipient's signature on the postal form.

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The

initial burden is on the moving party to point out the absence of any genuine dispute of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

## DISCUSSION

Defendants seek summary judgment dismissing all state tort claims. They argue the public body did not receive notice of the claims within the statutory 180-day period. O'Connor filed a cross motion for partial summary judgment which seeks a ruling that he provided a timely tort claim notice.

In claims other than for wrongful death, the Oregon Tort Claims Act ("OTCA") requires a person seeking damages from "any act or omission of a public body or an officer, employee or agent of a public body" to give notice of the claim within 180 days of the loss or injury. ORS 30.275(1) and (2)(b).

"The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." Tyree v. Tyree, 116 Or. App. 317, 320, 840 P.2d 1378 (1992). To be timely, notice must actually be received within the statutory period. Id. (court held a notice mailed within the time period was late because the county defendant received the notice after the time period).

Page 4 - OPINION AND ORDER

Here, the 180-day period beginning on June 13, 2010 ended on Friday, December 10, 2010.

O'Connor contends that defendants received timely formal notice on both December 10 and December 13, 2010, under two legal theories. Because the application of ORS 174.125 makes O'Connor's tort claim notice timely, I decline to address his other formal notice theory or his actual notice theories.

A formal notice of claim is a "written communication from a claimant or representative of a claimant" which contains specified information. ORS 30.275(4). When the claim is against a local public body, a plaintiff must give formal notice of claim "by mail or personal delivery" "to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel." ORS 30.275(5), (5)(b).

O'Connor contends that ORS 174.125 applies to the situation because County Counsel's office was closed on Friday, December 10, 2010, a normal work day. O'Connor argues the statute rolls the last day of the 180-day period to Monday, December 13, the day County Counsel signed for the tort claim notice delivered by certified mail. According to O'Connor, the state legislature enacted ORS 174.125 to prevent litigants such as himself from losing a claim as a result of a county closing its public offices on Fridays as a cost-saving measure.

ORS 174.125 states:

> Notwithstanding ORCP 10 and ORS 174.120(1), if a time period is prescribed or allowed for personal service of a document or notice on a public officer or the filing of a document or notice with a public office, other than a time period subject to ORS 174.120(2), and if the last day falls on a day when that particular office is closed before the end of or for all of the normal work day, the

Page 5 - OPINION AND ORDER

last day shall be excluded in computing the period of time within which the document or notice is to be filed. If the last day is so excluded, the time period runs until the close of office hours on the next day the office is open for business.

In September 2009, the Clackamas County Board of County Commissioners indefinitely extended its trial program in which most County offices worked four ten-hour days from Monday through Thursday, and county buildings closed on Friday. Defs.'s Reply Mem. Ex. 4 (email from Steve Wheeler, Sept. 8, 2009, 5:31 p.m.). This policy is clearly posted on the door of the Public Services Building which contains County Counsel's office: regular business hours for most of the offices in the building are Monday through Thursday, 7:00 a.m. to 6:00 p.m.

"In interpreting a statute, our task is to determine the legislature's intended meaning by examining the text of the statute in context, along with any helpful legislative history and, if necessary, other aids to construction." Young v. State, No. 97C10933, 2011 WL 4954018, at *2 (Or. App. Oct. 19, 2011).

The legislative history for ORS 174.125 includes the following snippets:

> FRYE asked what the 'normal' workday is. GODWIN said they were dealing with 36 counties, and she defined a 'normal' workday as whatever it would be for that particular county, [its] standard workday.

S. Judiciary Comm., SB 501, May 18, 1983, Tape 153, side B and minutes at p. 8 (statements of Sens. Frye and Godwin).[1]

> WYERS reemphasized that this bill allows the statute to not run on days that the courthouse is closed due to action of the court or the board of county Commissioners.
>
> . . . .

---

[1] Counsel provided copies of the state legislative history. All quotes are exact without errors corrected.

Page 6 - OPINION AND ORDER

> GODWIN said that to make it perfectly clear, they could change it to read "falls on a day or part of a day when that office or building is closed." She mentioned that there are now 10 Counties that have closed their offices for all or part of days, including Marion . . . . She said that this is serious, and they are worried about litigants losing their claims.

Id. May 29, 1983, minutes at p.21 (statements of Sens. Wyers and Godwin).

> PAUL SNIDER, Association of Oregon Counties, testified in support of the bill, and said that the purpose of the bill is to avoid and individual who waits until the filing deadline to file a paper being jeoprodized by virtue of the fact that the county courthouse is closed on that day. There are several counties which because of budget reductions or revenue short-falls are trying to save costs by either reducing business hours of particular offices, or closing the court house on regular business days. This bill would push the deadline until the next regular business day that the court house is open.

H. Judiciary Comm., SB 501, July 21, 1983, Tapes 535-558, p. 4-5.

For reasons of efficiency and improved public service, Clackamas County chose to switch from a more typical schedule to four ten-hour days. The legislative history for the statute clearly supports O'Connor's argument that ORS 174.125 should apply. County Counsel's office was closed all day on Friday for economic reasons, the problem the legislature addressed by enacting the statute. I am concerned about the statute's failure to define a normal work day by specifying the days of the week and hours of the day. The issue before me, however, does not involve normal opening and closing hours because the County closed the office entirely on Friday. Most would agree that typical government buildings containing business offices are open Monday through Friday, and I take judicial notice of that fact. Fed. R. Evid. 201(b) (a judicially noticed fact must be one not subject to reasonable dispute because it is "generally known within the territorial jurisdiction of the trial court").

Page 7 - OPINION AND ORDER

I find that the legislature intended ORS 174.125 to apply to the situation before me. Thus, the statute extends the 180th day from Friday, December 10, when the office was closed, to the close of office hours on the next day the office was open for business, Monday, December 13. County Counsel received the tort claim notice sent by certified mail on December 13. Consequently, the tort claim notice was timely.

## CONCLUSION

Plaintiff's Cross Motion for Partial Summary Judgment [18] is granted.  Defendants' [Partial] Motion for Summary Judgment [14] is denied.  The state tort claims for false arrest, false imprisonment, and negligent failure to train and supervise, as well as the Fourth Amendment claims for false arrest and unlawful detention, remain for trial.

IT IS SO ORDERED.

Dated this _____15th_____ day of November, 2011.

                                                      /s/ Garr M. King
                                                     Garr M. King
                                                     United States District Judge